# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                        **Case No.: 08-00297-02-CR-W-FJG**

**JEROME SHADE HOWARD**

                                             **USM Number: 89599-012**

                                             Ronald E. Partee, Appointed
                                             606 W. 39th Street
                                             Kansas City, MO 64111

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 & 27 of the Indictment on 8/20/2009. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec 371 | Conspiracy to Commit Interstate Transportation of Funds Obtained by Fraud | May 21, 2007 | 1 |
| 18 U.S.C. Sec 1957 | Money Laundering | September 6, 2006 | 27 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2 thru 5, 9, 11 thru 14, 17 thru 19, 22, 24 thru 26, and 28 thru 30 are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                             Date of Imposition of Sentence: July 23, 2010

                                             **/s/ Fernando J. Gaitan, Jr.**
                                             FERNANDO J. GAITAN, JR.
                                             CHIEF UNITED STATES DISTRICT JUDGE

                                             August 2, 2010

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **36 Months**.
Counts 1 & 27 - 36 months, each count, concurrent.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before 2:00 P.M. on September 20, 2010.**

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.
Counts 1 & 27 - 3 years, each count, concurrent

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall pay any restitution balance during the first **30 months** of supervision on the schedule set by the Court.

2. The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the Probation Office, while Court-ordered financial obligations are outstanding.

4. The defendant shall provide the Probation Officer access to any requested financial information.

5. The defendant shall not be self-employed without the approval of the Probation Office.

6. Defendant shall not engage in any in any real estate transactions without the approval of the Probation Officer.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____   _____
Defendant                                  Date

_____   _____
United States Probation Officer            Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$200**<br>Counts 1 & 27 - $100, each count | **Waived** | **$5,945,996.73** |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed in the presentence report.

All payments shall be made through the Clerk of the Court, U.S. District Court, 400 E. 9th Street, Room 1150, Kansas, City, MO 64106.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Office.

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| OwnIt Mortgage Solutions | $208,788.75 | $208,788.75 | |
| CIT Group/Consumer Finance | $367,875.80 | $367,875.80 | |
| Res Mae Mortgage Corp. | $165,900.00 | $165,900.00 | |
| Argent Securities Inc. | $196,493.59 | $196,493.59 | |
| Chase Home Finance L.L.C. | $177,051.92 | $177,051.92 | |
| Fremont Investment & Loan | $273,247.00 | $273,247.00 | |
| Countrywide Bank | $345,000.00 | $345,000.00 | |
| Deutsche Bank | $865,000.00 | $865,000.00 | |
| EMC Mortgage Corporation | $147,500.00 | $147,500.00 | |
| Countrywide Home Loans | $193,517.25 | $193,517.25 | |
| Indymac Bank | $195,000.00 | $195,000.00 | |
| AMC Mortgage | $53,000.00 | $53,000.00 | |
| EMC Mortgage Corporation | $427,725.93 | $427,725.93 | |
| CIT Group/Consumer Finance | $212,563.48 | $212,563.48 | |
| S&W Foreclosure Corp. | $92,524.24 | $92,524.24 | |
| First Magnus Financial Corporation | $588,914.45 | $588,914.45 | |

| | | |
|---|---|---|
| Suntrust Bank | $270,389.40 | $270,389.40 |
| HSBC Bank USA as trustee | $209,849.56 | $209,849.56 |
| Aurora Loan Services | $278,252.44 | $278,252.44 |
| HNBC Mortgage Services | $225,978.78 | $225,978.78 |
| First Magnus Financial | $168,102.56 | $168,102.56 |
| Accredited Home Lenders | $283,321.58 | $283,321.58 |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that:
The interest requirement is waived for the restitution.

Since the Court finds that the defendant does not have the ability to pay a fine, the fine is waived.

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of **$5,946,196.73** due immediately, balance due in accordance with F below.

F.  Special instructions regarding the payment of criminal monetary penalties:

If unable to pay the full amount immediately, the defendant shall make payments of at least 10 percent of earnings while incarcerated and monthly payments of either $500 or 10 percent of gross household income, whichever is greater, while on supervision, to commence 30 days from release from incarceration.

Restitution shall be paid to the victims in amounts identified in the presentence report. The defendant may receive credit against the restitution balance for uncredited payments made on the original loans prior to foreclosure. He may also receive credit for any uncredited recovery that is subsequently received by the mortgage note holder.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Payments should be made jointly and severally with the codefendants in Case No. 08-00297-01/17-CR-W-FJG associated with the properties involving the defendant.

The defendant shall forfeit the defendant's interest in the following property to the United States:
The preliminary order of forfeiture is finalized and imposed.